IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SIDNEY J. McKINNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-062 |
| | ) | |
| JERMAINE WHITE, Warden; | ) | |
| JACOB BEASLEY, Former Deputy Warden | ) | |
| of Security; VERONICA STEWART, | ) | |
| Deputy Warden of Security; TONJA KEITH, | ) | |
| Deputy Warden of Care and Treatment; and | ) | |
| KAREN THOMAS, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP"), is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**I.      BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

To that end, the "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983" requires that prisoner plaintiffs disclose:  (1) whether they ever filed a lawsuit dealing with the same or similar facts involved in the present lawsuit, (2) whether, while incarcerated or detained, they ever filed a lawsuit dealing with facts other than those involved in the present lawsuit, and other than an appeal or request for collateral relief

related to their underlying conviction, and (3) whether any such suit filed IFP in federal court was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 2, 4.) If there is more than one such lawsuit, the additional lawsuits must be described on a separate piece of paper. (Id.)

## II.     DISCUSSION

### A.     The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, Plaintiff disclosed one prior federal case dealing with facts other than those involved in this case, and he acknowledged the case was dismissed because it failed to state a claim: McKinney v. Williams, 7:19-CV-00190 (M.D. Ga. Nov. 13, 2019). (Id. at 2, 4.) However, the Court is aware Plaintiff has filed another case in federal court while he was detained at Thomas County Jail: McKinney v. Thomas Cnty. Jail, 7:15-CV-00148 (M.D. Ga. Aug. 4, 2015).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223,

3

226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior case discussed above was a blatantly dishonest representation of his prior litigation history,

and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

### B. The Case Should Also Be Dismissed Because It Fails to State a Claim Upon Which Relief Can Be Granted

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) ); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Relief

Even if the case were not due to be dismissed based on Plaintiff's dishonesty, the case fails to state a claim upon which relief can be granted. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff names the following individuals as defendants and sues them all in their official capacities only: (1) Jermaine White, TSP Warden; (2) Jacob Beasley, Former Deputy Warden of Security at TSP; (3) Veronica Stewart, TSP Deputy Warden of Security; (4) Tonja Keith, TSP Deputy Warden of Care and Treatment; and (5) Karen Thomas, TSP Unit Manager. (Doc. no. 1, pp. 3, 5-6.) Plaintiff complains that staffing shortages at TSP have led to an overall increase in danger and decrease in amenities and programs typically offered in state prisons. (Id. at 5, 7.) He does not identify any Defendant by name in his statement of claim, and in his listing of Defendants, he simply states each person was charged with a duty to provide security. (Id.)

### a. Plaintiff Fails to State A Valid Claim for Conditions of Confinement Based on his Allegations of Limited Security

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "An excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm," and "confinement in a prison where violence and terror reign is actionable." Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013).

The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff's allegations do not meet the applicable standard. First, he fails to mention any Defendant by name in his statement of claim and therefore fails to connect any Defendant to an alleged wrong. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Second, "[t]he Eighth Amendment does not require the uninterrupted personal supervision of all inmates." Estate of Owens v. GEO Group, Inc., 660 F. App'x 763, 773 (11th Cir. 2016) (*per curiam*); see also Purcell v. Toombs Cnty., 400 F.3d 1313, 1323 n.23 (11th Cir. 2005) ("The Constitution does not require that every inmate in a jail be observed by a guard every twenty minutes."); Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995) (finding that failure by jailer to check on "bullpen" of inmates during one hour prior to assault insufficient to show deliberate indifference). Plaintiff's generalized allegations fall far short of alleging deliberate indifference to a specific threat or unconstitutional living conditions. Indeed, he does not allege he has been the victim of violence. See Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (*per curiam*) (explaining Eighth Amendment violation requires deliberate indifference "to substantial risk of serious harm to an inmate who suffers injury"). Nothing in the complaint suggests living conditions where violence and terror reign.

### b. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

Finally, Plaintiff has specifically stated he is suing each Defendant, current or former prison officials at TSP, only in their official capacity, and only for monetary damages. (Doc. no. 1, pp. 3, 5-6.) The Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, as Plaintiff raises only official capacity claims for monetary relief which is not available, he fails to state a claim upon which relief can be granted.

## III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history and fails to state a claim upon which relief can be granted, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 19th day of August, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA